**In the Matter of the Application for the DISCIPLINE OF Robert J. LEALI, an Attorney at Law of the State of Minnesota.**

**No. 50723.**

Supreme Court of Minnesota.

June 4, 1982.

---

**414**

Michael J. Hoover, Director of Lawyers Professional Responsibility, and Janet Dolan, Asst. Director, St. Paul, for appellant.

Trenti, Saxhaug, Berger, Roche, Stephenson, Richards & Aluni and Robert F. Berger, Virginia, for respondent.

PER CURIAM.

The Respondent in these disciplinary proceedings, Robert J. Leali, was admitted to practice in Minnesota in 1967 after practicing in Illinois for 15 years. The professional misconduct which prompted this inquiry began in 1977 when Respondent became chemically dependent as a result of financial and domestic problems which adversely affected his performance.

The derelictions of fiduciary duty which subsequently occurred consisted of failure to maintain a client's trust account; failing to file a tort claim within the time prescribed by law; borrowing money from a client without revealing the inadequacy of the security for his note; and, neglecting to protect his client's interests by failing to transfer their pending matters to other attorneys when he closed his office in 1978. In addition, Respondent during that year was found in contempt of court for being in arrears in support payments and was convicted of driving while intoxicated.

Respondent has now sought and obtained treatment for chemical dependency. Although he has initiated bankruptcy proceedings, he recognizes his obligation to repay the loan made to him by his client and no application for his reinstatement will be considered until arrangements for the payment of that debt have been made.

By stipulation of the Respondent and the Director of the Lawyers Professional Responsibility Board, Respondent has been suspended from practice since November 1979. Because the record does not disclose egregious misconduct of a kind which requires disbarment to protect the public, on or after June 1, 1983 Respondent is granted the right to petition the court for reinstatement upon a showing (1) that he has remained abstinent during the year prior to his petition; (2) that he continues in an appropriate program to prevent a relapse of his chemical dependency problem; (3) that he meets all of the continuing legal education and registration requirements prescribed by the Court; (4) that he has repaid any debts he has owed former clients or otherwise made arrangements satisfactory to such clients; and (5) that since his suspension he has been guilty of no personal misconduct or impropriety which would reflect adversely on his professional performance if reinstated.

Respondent is indefinitely suspended from the practice of law until further order of the Court.